**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000583
15-MAR-2018
12:28 PM**

NO. CAAP-17-0000583

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KMT INVESTMENTS, INC., Plaintiff-Appellee,
v.
GABRIEL CANENCIA, NATALIE CANENCIA, CIARAH CANENCIA,
Defendants-Appellants,
and
MARGARET YOUNG, Defendant-Appellee,
and
DOES 1-10, Defendants.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CIVIL NO. 1RC17-1-1371)


ORDER GRANTING THE MARCH 8, 2018
MOTION FOR RECONSIDERATION OF DISMISSAL OF THE APPEAL
(By: Leonard, Presiding Judge, Reifurth and Ginzoa, JJ.)

Upon consideration of the "HRAP Rule 26 Motion for Relief From Default; or in the Alternative, HRAP Rule 40 Motion for Reconsideration of Dismissal of the Appeal," filed March 8, 2018, by Defendants-Appellants Gabriel Canencia, Natalie Canencia, and Ciarah Canencia (the Canencias), the papers in support, and the record, it appears that:

(1) On December 13, 2017, the appellate clerk notified the Canencias that the time for filing the statement of jurisdiction and opening brief had expired on October 6, 2017,

and November 6, 2017, respectively, the matter would be called to the court's attention on December 26, 2017, for appropriate action, which could include dismissal of the appeal, pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rules 12.1(e) and 30, and any request for relief from default should be made by motion;

(2) The Canencias did not respond to the default notice;

(3) On March 6, 2018, the court dismissed the appeal for failure to file the statement of jurisdiction and opening brief;

(4) The Canencies seek relief from default of the opening brief[1] or, alternatively, reconsideration of the March 6, 2018 dismissal order because their counsel, Sandra D. Lynch (Lynch), was unable to contact the Canencias after the notice of appeal was filed on August 1, 2017, due to the Canencias having been evicted, living temporarily with friends and family, losing telephone service, and not contacting Lynch. Lynch states that in September 2017, she started drafting the opening brief and unsuccessfully tried to contact the Canencias concerning attorney's fees. After the appellate clerk entered the default notice on December 13, 2017, Lynch again tried but was unable to contact the Canencias. At that point, Lynch believed she no longer "had a client." In "late January 2018," Lynch discovered through a third party that the Canencias had lost a child. Lynch searched the local obituaries and learned the Canencias' daughter had passed away on February 14, 2018. Lynch states she subsequently contacted the Canencias through a third party, and "[b]ased upon the information [Lynch] received, [the Canencias] want to continue the appeal if at all possible, and [Lynch has] agreed to represent them *pro bono* going forward." The Canencias assert there is only one issue on appeal and they can file the

---

[1] The Canencias do not seek relief from default of the statement of jurisdiction.

opening brief within five days. They claim they did not voluntarily abandon their appeal, but instead were unable "to cope emotionally and financially with an overwhelming situation, including intermittent homelessness and significant medical expenses not covered by insurance." Nonetheless, Lynch acknowledges it was her responsibility to timely file the opening brief or request an extension of time but, because she could not reach the Canencias, it appeared to her that they had abandoned their appeal;

(5) Even if Lynch believed the Canencias had abandoned their appeal, she did not inform the court until after she allowed the Canencias to default on the statement of jurisdiction and opening brief, and the court had dismissed their appeal. Because Hawai'i's appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001) (citation and quotation marks omitted), the court will grant the alternative request for reconsideration of the March 6, 2018 dismissal order, but with a caution to Lynch, as set forth below.

Therefore, IT IS HEREBY ORDERED that the alternative motion for reconsideration of the March 6, 2018 Order Dismissing Appeal is granted, pursuant to HRAP Rule 40, and the appeal is reinstated. The deadline to file the statement of jurisdiction and opening brief is extended to March 22, 2018. Any further default of the statement of jurisdiction or opening brief may result in sanctions, including, without limitation, monetary sanctions, the appeal being dismissed, or both. See HRAP Rules 12.1(e) & 30.

IT IS FURTHER ORDERED that Sandra D. Lynch is hereby cautioned to comply with deadlines set forth in the HRAP, and future failure to comply may result in sanctions.

DATED: Honolulu, Hawaiʻi, March 15, 2018.

Presiding Judge

Associate Judge

Associate Judge